UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cr-280 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| STEVEN QUIROZ, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. LCRIMR 11.1, I conducted a plea hearing in the captioned case on February 7, 2012, after receiving the written consent of defendant and all counsel. At the hearing, defendant Steven Quiroz entered a plea of guilty to count 1 of the Indictment charging him with conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), 846. There was no written plea agreement. The following oral agreement was placed on the record:

(1) The government will move to dismiss count 2 at the time of sentencing.

(2) If the court grants defendant a two-level reduction for acceptance of responsibility, the government will move for an additional one-point reduction for entry of a timely guilty plea.

(3) The government agrees not to bring any other charges against defendant arising from the conduct alleged in the Indictment, including any charge based on a higher purity level of the seized methamphetamine.

There were no other agreements. On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to count 1 of the Indictment be accepted and that the court adjudicate defendant guilty of the charge. Acceptance of the plea, acceptance of the oral plea agreement, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.


Dated: February 7, 2012          /s/  Joseph G. Scoville
                                 U.S. Magistrate Judge


### NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d). A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).